In the Matter of Joe E. **BEARDSLEY**.

No. 83S00–9410–DI–1005.

Supreme Court of Indiana.

Dec. 15, 1995.

Joe E. Beardsley, Clinton, Pro Se.

Donald R Lundberg, Executive Secretary, Robert C. Shook, Staff Attorney, Indianapolis, for The Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

### PER CURIAM.

The Respondent, Joe E. Beardsley, has been charged with engaging in professional misconduct. In accordance with Ind. Admission and Discipline Rule 23(11)(g), the Respondent and the Disciplinary Commission have tendered for this Court's approval a conditional agreement for discipline. As more fully set out in the opinion that follows, this Court finds that the Respondent violated the *Rules of Professional Conduct* and adopts the agreed disciplinary sanction.

The allegations of misconduct against the Respondent stem from his representation in an estate matter. Specifically, the Respondent has been charged with failing to provide competent representation, not acting with reasonable diligence, failing to keep his client reasonably informed, and not properly supervising an employee in his office, in violation, respectively, of Ind. Professional Conduct Rules 1.1, 1.3, 1.4(a) and 5.3(b).[1]

Adopting the agreement of the parties, this Court now finds that on November 27, 1978, the Respondent was retained to represent co-executors of an estate in Vermillion County. On December 4, 1978, the Respondent entered the decedent's will for probate and opened her estate in Vermillion Circuit Court. A report of the sale of personal property was filed on January 24, 1979; a report of sale of estate property was filed on April 16, 1979, and an inheritance tax schedule was filed with the court on September 19,

---

1. *Professional Conduct Rule* 1.1 states that "[a] lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

*Professional Conduct Rule* 1.3 states that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

*Professional Conduct Rule* 1.4(a) states that "[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

*Professional Conduct Rule* 5.3(b) states that "[a] lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer."

1979. An ancillary estate for property in Illinois was completed in the early 1980's. The court ordered the co-executors and the Respondent to close the estate and/or file a final account on October 19, 1981; August 9, 1985; January 24, 1990; and May 11, 1994. Extensions of time to close the estate were granted by the Court on December 20, 1985 and July 5, 1994. Ultimately, a proposed final accounting was filed with the Vermillion Circuit Court on July 13, 1995.

During the course of the administration of this estate, the Respondent did not keep the co-executors informed of the status of the matter. He failed to return phone calls and refused to meet with them. The office duties associated with the processing of this estate where handled by a former employee, now deceased, with little supervision from the Respondent. The Respondent is unable to reconstruct what occurred during the administration of the estate from a review of his files. In view of our factual findings in this case, we now conclude that the Respondent engaged in professional misconduct and violated the *Rules of Professional Conduct* as charged.

In that this Court has found misconduct, it is now our duty to impose discipline. In general, the misconduct found in this case stems from the Respondent's neglect and his failure to employ due diligence in his representation of a client. There is no indication that the Respondent's client was harmed by the misconduct found in this case, but the course of conduct chosen by the Respondent clearly carried the potential for harm. This estate matter was open for nearly seventeen years. Indeed, the Respondent's clients are fortunate that no actual harm occurred. Standard 4.43 of the American Bar Association Model *Standards for Imposing Lawyer Sanctions* provides as follows:

> "**4.43** Reprimand is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client."

Additionally, the *Standards* recognize that mitigating and aggravating circumstances should also be considered in the assessment of discipline. In this regard, we note as an aggravating circumstance the fact that the Respondent has previously received a private reprimand for unrelated misconduct.

The Disciplinary Commission and the Respondent agree that the appropriate sanction for the misconduct exhibited in this case is a public reprimand. The parties further advise that the Respondent has agreed to waive approximately $2,600 in unpaid attorney fees. We accept the tendered agreement. Accordingly, the Respondent, Joe E. Beardsley, is hereby reprimanded and admonished for the misconduct found in this case.

Costs of this proceeding are assessed against the Respondent.